UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. ) 02-CR-30012-MAP
) 11-CV-30218-MAP
BERNIE RUIZ )

MEMORANDUM AND ORDER REGARDING
DEFENDANT'S MOTION FOR SENTENCE REDUCTION
AND MOTION TO VACATE
(Dkt. Nos. 68 & 80)

June 18, 2012

PONSOR, U.S.D.J.

On December 12, 2002, Defendant pled guilty to two counts of distribution of cocaine and one count of distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. § 841. Following plea negotiations, the government withdrew an Information pursuant to 21 U.S.C. § 851 that would have increased Defendant's mandatory minimum sentence to life in prison, and Defendant agreed pursuant to Fed. R. Crim. P. 11(c) to a sentence of 300 months. This sentence was in the middle of the applicable guidelines range of 262 to 320 months, which was itself based upon the career offender guidelines. These guidelines placed Defendant at an offense level 34, criminal history category VI.

On June 21, 2010, Defendant filed a Motion for

Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (Dkt. No. 68). The court initially denied the motion pursuant to First Circuit law that was controlling at that time. Defendant appealed and while the appeal was pending, Defendant filed a Motion to Vacate under 28 U.S.C. § 2255 (Dkt. No. 80). On November 29, 2011, the First Circuit issued its Judgment vacating the court's ruling denying the Motion for Reduction of Sentence, and remanding the case for further consideration.

On December 7, 2011, Plaintiff filed a motion to stay the habeas proceeding, pending a ruling on the First Circuit's remand of Defendant's earlier motion to reduce his sentence. See Dkt. No. 91. The motion to stay noted that on October 25, 2011 Defendant filed a pro se reply brief in which he stated that his "claim is not to disturb the conviction, but only ask for a sentence reduction, as the plea agreement had suggested." The court allowed the Motion to Stay on December 9, 2011.

On June 11, 2012, counsel appeared for argument on the Motion for Reduction of Sentence on remand from the First Circuit. The court considered the motion to reduce sentence

in light of the Supreme Court's decision in Freeman v. United States, 131 S.Ct. 2685 (2011).

Upon reconsideration following the First Circuit's remand, Defendant's Motion for Sentence Reduction (Dkt. No. 68) is hereby, again, DENIED. Although the court is sympathetic, it simply cannot be said that the 300-month sentence imposed on July 2, 2003 was in any sense "based on" the crack cocaine sentencing guidelines. Instead, the sentence was based entirely upon the career offender guidelines. Under these circumstances, it would be inappropriate to grant Defendant any reduction of his sentence.

Since Defendant has acknowledged that his pending Motion to Vacate (Dkt. No. 80) is intended only to obtain a reduction of his sentence, the court hereby vacates the stay of that proceeding and hereby DENIES the motion. The clerk will enter judgment for Plaintiff. This case may now be closed.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
United States District Judge